IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BRENT A. ROWAN,                      )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )      Civil No. 12-2539-JDT/tmp
                                     )
SOUTHWEST TN COMMUNITY               )
COLLEGE, MATRICULATION               )
OFFICER, and EMPLOYMENT              )
SERVICES,                            )
                                     )
        Defendants.                  )

---

## REPORT AND RECOMMENDATION THAT CASE BE DISMISSED

---

On July 2, 2012, plaintiff Brent A. Rowan, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983[1]. (ECF No. 1.) Rowan neglected to pay the $350 civil filing

---

[1]Plaintiff has filed 14 separate civil complaints between April 3, 2012, and August 23, 2012. Of those, 11 are assigned to the presiding U.S. District Judge in the instant case: (1) Rowan v. Currie, et al., No. 12-2264-JDT-dkv (W.D. Tenn. filed Apr. 3, 2012); (2) Rowan v. MMHI (Memphis Mental Health Inst.), No. 12-2478-JDT-cgc (W.D. Tenn. filed June 18, 2012); (3) Rowan v. Memphis Fair Housing Ctr., No. 12-2479-JDT-dkv (W.D. Tenn. filed June 18, 2012); (4) Rowan v. MATA (Ozone Day), No. 12-2480-JDT-cgc (W.D. Tenn. filed June 18, 2012); (5) Rowan v. U.S. Bankruptcy Court, No. 12-2481-JDT-cgc (W.D. Tenn. filed June 18, 2012); (6) Rowan v. Edward Jones, No. 12-2482-JDT-tmp (W.D.Tenn. filed June 18, 2012); (7) Rowan v. Southwest Tenn. Cmty. Coll., et al., No. 12-2539-JDT-tmp (W.D. Tenn. filed July 2, 2012); (8) Rowan v. State Farm Ins., et al., No. 12-2540-JDT-tmp (W.D. Tenn. filed July 2, 2012); (9) Rowan v. U.S. Trustee, et al., No. 12-2541-JDT-dkv (W.D. Tenn. filed July 5, 2012); (10) Rowan v. City of Memphis, et al., No. 12-2707-JDT-cgc (W.D. Tenn. filed Aug. 13, 2012); and (11) Rowan v. DHS, et al., No. 12-2734-JDT-cgc (W.D. Tenn. filed Aug. 23, 2012).

fee and did not submit an application to proceed *in forma pauperis*.
On July 6, 2012, the court ordered Rowan to either file a properly
completed *in forma pauperis* affidavit or pay the $350 civil filing
fee within 30 days. (ECF No. 2.) On July 31, 2012, Rowan filed a
change of address indicating that his new address was 201 Poplar
Avenue, Memphis, Tennessee 38103. Rowan also asked, *inter alia*,
for an extension of time to submit an application to proceed *in
forma pauperis*. (ECF No. 4.) The letter was mailed from the
Shelby County Criminal Justice Complex ("Jail"). Even though Rowan
was not incarcerated when the complaint was originally filed, he
had since been arrested and jailed. On August 31, 2012, the Clerk
received and docketed an application to proceed *in forma pauperis*
on the short form used by prisoners. (ECF No. 5.) That
application was also mailed from the jail. (ECF No. 5-1.) By the
time the affidavit was received, Rowan had been released from the
Jail. On September 10, 2012, the Court issued an order advising
Rowan that the short form affidavit he submitted was inadequate,
and ordered him to file a non-prisoner affidavit within 30 days.
(ECF No. 6.) He was sent another copy of the correct affidavit
form.

On September 27, 2012, Rowan submitted another short form
prisoner affidavit, and the address on the envelope indicated that
he was once again at the Jail. (ECF No. 7.) A letter from Rowan
received on September 28, 2012, confirmed that he was arrested on

September 21, 2012. (ECF No. 8.) However, a check of the website of the Shelby County Sheriff's Office revealed, at that time, that Rowan was no longer at the Jail, but instead apparently had been released once more. On October 4, 2012, the Court granted Rowan's motion to proceed *in forma pauperis*. Although he had not actually complied with the court's order to file a non-prisoner *in forma pauperis* affidavit, the court nevertheless accepted the short form affidavit that he submitted.[2] Rowan was also ordered to promptly notify the Clerk, in writing, of any further changes of address and that failure to comply with this requirement, or any other order of the court may result in the dismissal of this case without further notice. On October 5, 2012, the case was referred to the *pro se* staff attorney for screening. On October 15 and 16, 2012, orders entered by the court and sent to his address at 201 Poplar were returned with the word RELEASED handwritten on the envelope and stamped "no longer valid and returned as undeliverable".

On March 27, 2013, the district judge entered an order of reference assigning to the undersigned magistrate judge the management of this case pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631–639 (2006). On April 19, 2013, the magistrate judge entered an Order Directing Plaintiff to Provide Current Address and

---

[2]Plaintiff was admonished that he must take greater care to comply with the Court's orders in the future. He was sent two separate copies of the correct form and should have been able to complete and return at least one of them in a timely manner.

-3-

Telephone Number within twenty (20) days. Rowan was also warned that failure to respond to the order may result in a recommendation to the district judge that the case be dismissed. On April 19, 2013, a copy of the order was delivered to Rowan's address in his complaint, as opposed to the Jail address. The April 19 order was not returned as undeliverable. To date, Rowan has not responded to the April 19 order.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In this complaint, Plaintiff alleges that:

> On June 21st, 2012, I was harassed by several students before arriving to financial aid. Southwest TN Community College at TN has a school placement office. The college has my financial aid information that was sent to them by internet and phone. A black female student stared at me rudely in the hallway that leads to a crosswalk. I turned back around and went into a classroom with several computers to ask for employment. There was another black male with a cell phone. Did he contact campus police? Why? I saw campus police after leaving the school while I was headed to Union Avenue. How?

(ECF No. 1 at 2.) The prayer for relief asks,

> I would like the courts to explain the Americans with Disabilities Act according to this complaint for violation of Civil Rights under 42 USC. Can the court determine based on my complaint whether or not there was a violation of my civil rights on 06-21-2012? How can the courts determine whether or not the question of retaliation arised on 06-21-2012? What is prima facie retaliation? What is rude treatment? Why? Do Southwest

-4-

Community College at TN have policies that explain matriculation?

(Id. at 3.)

In assessing whether the complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009) and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief." Willams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal

quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); <u>see also</u> <u>Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which a plaintiff has not spelled out in his pleading") (internal quotation marks omitted); <u>Payne v. Sec'y of Treasury</u>, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); <u>cf.</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); <u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

It is unclear what cause of action is alleged in the complaint. As best as the court can tell, Rowan went to apply for a job at the financial aid office and received rude looks from students and/or other unknown individuals. He then asks the court

for legal advice regarding whether he has a claim.  The court can discern no viable cause of action from these factual allegations. It is recommended that Rowan's complaint be dismissed for failure to state a claim.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 7, 2013
Date

## NOTICE

**Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.**